## CAMPBELL et al. v. BALDWIN LOCOMOTIVE WORKS.

(Circuit Court of Appeals, Third Circuit. February 4, 1913.)

### No. 1,639.

1. MASTER AND SERVANT (§ 103*)—INJURIES TO SERVANT—SAFE APPLIANCES—DUTY TO FURNISH.

   A master is under an absolute nondelegable duty to furnish a servant with reasonably safe appliances with which to work.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 175; Dec. Dig. § 103.*]

2. MASTER AND SERVANT (§ 285*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—PROXIMATE CAUSE—QUESTION FOR JURY.

   In an action for injuries to a servant by a chip of steel striking him in the eye, whether defendant's negligence in requiring the servant to operate a defective facing cutter, which it was necessary to hammer at short intervals in order that the slot therein would hold the cutter wedge, was the proximate cause of plaintiff's injury, held for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1002, 1003, 1007, 1008, 1016, 1035, 1043, 1053; Dec. Dig. § 285.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Action by John Campbell and another against the Baldwin Locomotive Works. Judgment for plaintiffs, and defendant brings error. Affirmed.

James Wilson Bayard, Frank P. Prichard, and John G. Johnson, all of Philadelphia, Pa., for plaintiff in error.

E. J. Pershing and W. B. Linn, both of Philadelphia, Pa., for defendants in error.

Before GRAY and BUFFINGTON, Circuit Judges, and RELLSTAB, District Judge.

BUFFINGTON, Circuit Judge. In the court below, John F. Campbell, a minor citizen of New Jersey, by his father and next

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

friend, brought suit against the Baldwin Locomotive Works, a corporation of Pennsylvania, to recover damages sustained in the loss of his eye through defendant's alleged negligence while he was in its employ. On his recovery of a verdict and judgment thereon, defendant sued out this writ. No complaint is made of the court's rulings or charge; the sole question involved being the refusal of defendant's request for binding instructions.

The case was confined to the proofs adduced by plaintiff. These tended to show that he was employed to operate a facing cutter, an appliance used on a boring machine or lathe. The steel to be cut was clamped on the machine. A hole was then drilled in it, which hole was then reamed, and the piece was finally faced. Such facing was done by a revolving cutter bar, in a slot in which was securely seated the wedge-shaped facing cutter. The slot in the bar the plaintiff used had become so enlarged that the facing cutter wobbled and would not cut true. The plaintiff complained a number of times to his foreman of such defect, and was told new bars were being made, and directed to meanwhile go ahead and make the best use he could of the old cutter, keeping it wedged in place by striking it with a hammer. He followed these directions, but while striking the revolving wedge a piece of steel flew off and injured his eye. The proofs showed no person was working near him, nor was there any other possible way of the accident being caused save by the hammer. Under these proofs, did the court err in allowing the jury to infer that defendant's lack of care caused the plaintiff to lose his eye?

[1, 2] Without entering on the over-discussed question of the law of proximate and remote cause, it suffices to say that confusion on that subject lies, not in the uncertainty of the law, but in its application to the facts of individual cases. On its individual facts each case must be a law unto itself. In the present one, for example, the absolute duty of the employer—a duty that cannot be delegated—to furnish the employé with reasonably safe appliances with which to work is clear. It is equally clear that the proper tool was a revolving bar, the slots in which would hold the cutter bar rigidly fixed in place, and in the operation of which the plaintiff, in the risks of his occupation, would be subjected to no danger such as caused the present injury. The defective character of this machine the defendant recognized, was engaged in remedying, and requested the plaintiff to use the old one. To enable the employé to do it, it suggested and imposed on plaintiff the additional auxiliary operation of constant hammering. In doing this directed duty the plaintiff was injured.

These conditions raise questions of fact, which call for the exercise of those experiences, observations, and inferences which different men draw from the affairs of life. For example, when a revolving steel wedge is repeatedly struck, is the chipping of steel particles an event that ought to have been, by reasonable forecast, anticipated? If it was, was the chipping of such steel caused by the original negligence in failing to supply the regular tool? Was the

use of the hammer itself an unconnected, intermediate, and efficient cause of the injury, or was its directed use a connected and designed step in the line of prescribed duty which made flying steel chips a not unlikely result? Obviously, these are all questions of fact and inferences to which the law itself affords no answer, and which in the nature of things could be answered in different ways by different men. Upon this evidence the court, in a charge to which no objection is made, left it to the jury in substance to determine whether the chipping of the steel was, on the one hand, the natural, ordinary, and probable consequence of the failure to furnish proper working appliances, or, on the other, an extraordinary, unlooked-for, and not reasonably to be expected event. The jury found the former was the case, and we think that conclusion was not, under the proofs, so unwarranted as to require the court to refuse to sustain its .verdict. For the court to have itself decided that question would have trenched on the province of the jury.

The judgment below is therefore affirmed.